Larry D. Simons
*larry@lsimonslaw.com*
**CHAPTER 7 TRUSTEE**
3550 Vine Street, Suite 210
Riverside, California 92507
Tel: (951) 686-6300 ♦ Fax: (818) 698-1981

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION

| | |
|---|---|
| In re<br><br>VICTOR M. ARCHILA and MARIA ELENA de ARCHILA, husband and wife.<br><br>Debtors. | Case No. 6:23-bk-10104 RB<br><br>Adv. Proc. No.<br><br>Chapter 7<br><br>**COMPLAINT FOR (1) AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS; (2) AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS; (3) PRESERVATION OF PREFERENTIAL AND FRAUDULENT TRANSFERS AND (4) DISALLOWANCE OF CLAIMS** |
| LARRY D. SIMONS, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>v.<br><br>LUIS RUBEN CARDENAS CAMPOS<br><br>Defendant, | DATE:  TO BE SET BY SUMMONS<br>TIME:  TO BE SET BY SUMMONS<br>PLACE: CTRM 303 |

For his Complaint for (1) Avoidance and Recovery of Preferential Transfers, (2) Avoidance and Recovery of Fraudulent Transfers; (3) Preservation of Preferential and Fraudulent Transfers, and (4) Disallowance of Claim (the "Complaint"), plaintiff, Larry D. Simons, the duly appointed, qualified and acting Chapter 7 Trustee (the "Trustee or "Plaintiff") for the estate of Victor M. Archila and Maria Elena de Archila (the "Debtors") hereby alleges and avers as follows:

///

///

///

Larry D. Simons, Chapter 7 Trustee
3550 Vine Street, Suite 210
Riverside, California 92507

## STATEMENT OF JURISDICTION AND VENUE

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(a), and 11 U.S.C. §§ 547, 548 and 550 and Local Rules and Orders of the United States District Court for the Central District of California governing the reference and conduct of proceedings arising under or related to cases under Title 11 of the United States Code, including General Order No. 13-05, dated July 1, 2013.

2. This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(F) and (H).

3. Trustee consents to entry of final orders and judgments by the Bankruptcy Court.

4. Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1409(a) and because this is a civil proceeding arising in and/or related to the Debtors' chapter 7 case, styled <u>In re Victor M. Archila and Maria Elena de Archila</u>, bearing Bankruptcy Case No. 6:23-bk-10104 RB, currently pending in the Riverside Division of the United States Bankruptcy Court for the Central District of California (the "Bankruptcy Case").

## PARTIES

5. Plaintiff, Larry D. Simons ("Trustee" or "Plaintiff") is the duly appointed, qualified and acting chapter 7 trustee of the bankruptcy estate (the "Estate") created in the instant chapter 7 Bankruptcy Case.

6. Debtors, Victor M. Archila and Maria Elena de Archila ("Debtors") are the chapter 7 debtors in the Bankruptcy Case, and initiated this case by filing a voluntary petition for relief under chapter 7 of title 11 of the United States Code, 11 U.S.C. § 101, et seq. (the "Bankruptcy Code") on January 12, 2023 (the "Petition Date").

7. Defendant, Luis Ruben Cardenas Campos (the "Defendant") is an individual residing within the judicial district of this Court. Defendant is the son of the Debtors and is thus an "insider" as that term is defined at 11 U.S.C. § 101(31).

///

8. Plaintiff brings this action solely in his capacity as Trustee for the benefit of the

estate and its creditors. To the extent that Plaintiff hereby asserts claims under 11 U.S.C. § 544(b), Plaintiff is informed and believes and, on that basis alleges thereon, that there exists in this case one or more creditors holding unsecured claims allowable under 11 U.S.C. § 502 or that are not allowable only under 11 U.S.C. § 502(e) who could have avoided the respective transfers or obligations under California or other applicable law before the petition was filed.

9. Plaintiff was appointed after the filing of the Debtor's chapter 7 case. As a result, Plaintiff does not have personal knowledge of the facts alleged in this Complaint that occurred prior to his appointment and, therefore, alleges all those facts on information and belief. Plaintiff reserves his right to amend this Complaint to allege additional claims against the Defendant and to challenge and recover transfers made to or for the benefit of the Defendant in addition to those transfers alleged in this Complaint.

10. At all relevant times, Defendant was an entity for whose benefit certain of the recoverable transfers alleged in this Complaint were made; and/or an immediate or mediate transferee of such recoverable transfers.

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

11. Plaintiff is informed and believes and, on that basis alleges thereon, that the Debtors made a transfer of property to the Defendant on or within the 12 months prior to the Petition Date (the "Applicable Period").

12. The amount of the transfer made by the Debtors to Defendant within the Applicable Period is not less than $10,668.72 (the "Transfer").

13. The Trustee is informed and believes and based thereon alleges that the Transfer was a transfer of the Debtors' interest in property that belonged to the Debtors.

14. The Trustee is informed and believes and based thereon alleges that the Transfer was made for no or little consideration.

15. The Trustee reserves his right to supplement and amend the allegations contained in this Complaint, including, but not limited to, the right to (i) allege further information regarding all Claims for Relief, including additional transfers of interests in the Debtor's assets or additional

Larry D. Simons, Chapter 7 Trustee
3550 Vine Street, Suite 210
Riverside, California 92507

liabilities incurred by the Debtor, (ii) make modifications and/or revisions to the names of defendants named herein, and as to each of them (iii) allege claims against additional defendants, and/or (iv) allege additional causes of action arising in connection with the law and facts set forth herein (collectively, the "Amendments"), that may become known to the Trustee at any time during this adversary proceeding through formal discovery or otherwise, and for the Amendments to relate back to this original Complaint, including the date upon which this original Complaint was filed.

## FIRST CLAIM FOR RELIEF

### (Avoidance of Preferential Transfer Pursuant to 11 U.S.C. § 547(b))

16. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 15 as though set forth in full.

17. Plaintiff is informed and believes and, on that basis alleges thereon, that the Transfer was made to the Defendant for the benefit of the Defendant, who was a creditor of the Debtors at the time of the Transfer as the term "creditor" is defined by 11 U.S.C. § 101(10).

18. Plaintiff is informed and believes and, on that basis alleges thereon, that the Transfer was a transfer of interest of the Debtors in property.

19. Plaintiff is informed and believes and, on that basis alleges thereon, that the Transfer was made for or on account of an antecedent debt owed by the Debtors to the Defendant before the Transfer was made.

20. Plaintiff is informed and believes and, on that basis alleges thereon, that the Transfer was made while the Debtors were insolvent.

21. Plaintiff is informed and believes and, on that basis alleges thereon, that the Transfer enabled the Defendant to receive more than the Defendant would have received if (a) the Debtors' bankruptcy case was a case under chapter 7 of title 11 of the United States Code; (b) the respective transfer had not been made; and (c) the Defendant received payment of such debt to the extent provided by title 11 of the United States Code.

///

22. Interest on the Transfer has accrued and continues to accrue from the date the

1  Transfer was made.

2  23.    Plaintiff is entitled to an order and judgment under 11 U.S.C. § 547(b) that the
3  Transfer is avoided pursuant to 11 U.S.C. § 547(b).

## SECOND CLAIM FOR RELIEF

## AVOIDANCE OF FRAUDULENT TRANSFER, ACTUAL INTENT

### [11 U.S.C. § 548(a)(1)(A)]

7  24.    Plaintiff realleges each and every allegation contained in paragraphs 1 through 23 of
8  this Complaint and, by this reference, incorporates said allegations as though set forth fully herein.

9  25.    Plaintiff is informed and believes and, on that basis, alleges thereon, that prior to the
10  Petition Date, the Debtors transferred monies to the Defendant, specifically, the Transfer.

11  26.    Plaintiff is informed and believes and, on that basis, alleges thereon, that the Transfer
12  was made with the actual intent to hinder, delay, or defraud the Debtors' creditors with the intent to
13  place monies that may have existed for the benefit of the creditors of the Debtors beyond the reach
14  of the Trustee.

15  27.    By reason of the foregoing, the Transfer is avoidable pursuant to Section
16  548(a)(1)(A).

## THIRD CLAIM FOR RELIEF

## AVOIDANCE OF FRAUDULENT TRANSFER, CONSTRUCTIVE INTENT

### [11 U.S.C. § 548(a)(1)(B)(i-ii)(I)]

20  28.    Plaintiff realleges each and every allegation contained in paragraphs 1 through 27 of
21  this Complaint and, by this reference, incorporates said allegations as though set forth fully herein.

22  29.    Plaintiff is informed and believes and, on that basis, alleges thereon, that prior to the
23  Petition Date, the Debtors transferred monies to the Defendant, specifically, the Transfer.

24  30.    Plaintiff is informed and believes and, on that basis, alleges thereon, that the Transfer
25  was for less than reasonably equivalent value when the Debtors were insolvent or as a result of
26  which the Debtors became insolvent.

27  31.    By reason of the foregoing, the Transfer is avoidable pursuant to Section
28

Larry D. Simons, Chapter 7 Trustee
3550 Vine Street, Suite 210
Riverside, California 92507

Larry D. Simons, Chapter 7 Trustee
3550 Vine Street, Suite 210
Riverside, California 92507

548(a)(1)(B)(i-ii)(I).

## FOURTH CLAIM FOR RELIEF

### AVOIDANCE OF FRAUDULENT TRANSFER, CONSTRUCTIVE INTENT

### [11 U.S.C. § 548(a)(1)(B)(i-ii)(II)]

32. Plaintiff realleges each and every allegation contained in paragraphs 1 through 31 of this Complaint and, by this reference, incorporates said allegations as though set forth fully herein.

33. Plaintiff is informed and believes and, on that basis, alleges thereon, that prior to the Petition Date, the Debtors transferred monies to the Defendant, specifically, the Transfer.

34. Plaintiff is informed and believes and, on that basis, alleges thereon, that the Transfer was made without the Debtors receiving reasonably equivalent value in exchange for the Transfers, and that at the time of the Transfer, the Debtors were engaged in business or a transaction, or were about to engage in business or a transaction, for which any property remaining with the debtors were an unreasonably small capital.

35. By reason of the foregoing, the Transfer is avoidable pursuant to Section 548(a)(1)(B)(i-ii)(II).

## FIFTH CLAIM FOR RELIEF

### AVOIDANCE OF FRAUDULENT TRANSFER, CONSTRUCTIVE INTENT

### [11 U.S.C. § 548(a)(1)(B)(i-ii)(III)]

36. Plaintiff realleges each and every allegation contained in paragraphs 1 through 35 of this Complaint and, by this reference, incorporates said allegations as though set forth fully herein.

37. Plaintiff is informed and believes and, on that basis, alleges thereon, that prior to the Petition Date, the Debtors transferred monies to the Defendant, specifically, the Transfer.

38. Plaintiff is informed and believes and, on that basis, alleges thereon, that the Transfer was made without the Debtors receiving reasonably equivalent value in exchange for the Transfer, and that at the time of the Transfer, the Debtors intended to incur, or believed that the debtor incur debts that be beyond the debtor's ability to pay as such debts matured.

39. By reason of the foregoing, the Transfers are avoidable pursuant to Section

Larry D. Simons, Chapter 7 Trustee
3550 Vine Street, Suite 210
Riverside, California 92507

548(a)(1)(B)(i-ii)(III).

## SIXTH CLAIM FOR RELIEF

### (For Recovery of Property Pursuant to 11 U.S.C. § 550)

40.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 39 as though set forth in full.

41.     Plaintiff is informed and believes and, on that basis alleges thereon, that Plaintiff is entitled to avoid the Transfer under 11 U.S.C. § 547(b) or § 548.  As the Defendants are the initial transferee of the Transfer, or the individual or entity for whose benefit the Transfer was made, or is the immediate or mediate transferee of the initial transferee receiving such Transfer, Plaintiff is entitled to recover for the Estate the proceeds or value of the Transfer under 11 U.S.C. § 550.

## SEVENTH CLAIM FOR RELIEF

### (For Preservation of Avoided Transfer Pursuant to 11 U.S.C. § 551)

42.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 41 as though set forth in full.

43.     Pursuant to 11 U.S.C. § 551, Plaintiff is entitled to preserve any transfer avoided under 11 U.S.C. § 547(b) or § 548, including the Transfer, for the benefit of the Estate.

## EIGHTH CLAIM FOR RELIEF

### (For Disallowance of Claim Pursuant to 11 U.S.C. § 502(d))

44.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 43 as though set forth in full.

45.     Plaintiff is informed and believes and, on that basis alleges thereon, that the Defendant may assert a claim against the Debtors' estate.

46.     Pursuant to 11 U.S.C. § 502(d), Plaintiff requests that any claim asserted by the Defendant be disallowed for his failure to repay the Transfer.

///

///

**WHEREFORE**, Plaintiff prays for judgment against the Defendant as follows:

COMPLAINT FOR (1) AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS; (2) AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS; (3) PRESERVATION OF PREFERENTIAL AND FRAUDULENT TRANSFERS AND (4) DISALLOWANCE OF CLAIMS

Larry D. Simons, Chapter 7 Trustee
3550 Vine Street, Suite 210
Riverside, California 92507

**ON THE FIRST CLAIM FOR RELIEF**

1. For a judgment that the Transfer is avoidable as preferential transfer(s) under 11 U.S.C. § 547(b).

**ON THE SECOND, THIRD, FOURTH AND FIFTH CLAIMS FOR RELIEF**

2. For a judgment that the Transfer is avoidable as a fraudulent transfer under 11 U.S.C. § 548.

**ON THE SIXTH CLAIM FOR RELIEF**

3. For a judgment that the Estate is entitled to recover the Transfer or the value thereof under 11 U.S.C. § 550.

**ON THE SEVENTH CLAIM FOR RELIEF**

4. For a judgment that the Estate is entitled to preserve any transfer avoided under 11 U.S.C. § 547(b), including the Transfer, for the benefit of the Estate.

**ON THE EIGHTH CLAIM FOR RELIEF**

5. For a judgment disallowing any claims of the Defendant against the Debtors' Estate pursuant to 11 U.S.C. § 502.

**ON ALL CLAIMS FOR RELIEF:**

6. For interest as permitted by law from the date of the Transfer;

7. For costs of suit incurred herein, including, without limitation, attorneys' fees; and

8. For such other and further relief as the Court deems just and proper.

Dated: 12/11/2024               /s/Larry D. Simons
                        Larry D. Simons, Chapter 7 Trustee